## Commonwealth v. Keith

*James R. Dailey,* for the Commonwealth.
*William T. Morton,* for defendant.

NYGAARD, *J.,* March 17, 1983—On October 25, 1982, defendant was arrested on a charge of theft by deception based upon an alleged fraudulent insurance claim. The facts established in a hearing on this motion are essentially as follows.

Defendant filed a claim for a stolen vehicle, for which the Travelers Insurance Company made payment to defendant on August 20, 1982. Defendant had allegedly purchased the vehicle from his sister a few months earlier in a destroyed and burnt out state. His sister had reported the vehicle as stolen and it was later discovered in a burned out and totalled condition. The Aetna Insurance Company paid defendant's sister on her claim. In November, 1980, Travelers Insurance Company received a letter from the National Automobile Theft Bureau. This letter reported to Travelers, that the vehicle upon which they had paid a claim to defendant had been the subject of a prior stolen vehicle claim. Travelers at this point did nothing to investigate the matter.

In June, 1982, defendant filed another claim with Travelers upon a different vehicle. The claims investigator, after a review of his file, suspected fraud, and the matter was turned over to the National

Automobile Theft Bureau. In September, 1982, the matter was assigned to an investigator. As a result of that investigation, the current charges were filed on October 25, 1982.

Defendant has filed an omnibus pretrial motion which raises the issue of the statute of limitations and also contains a motion to suppress certain statements made by defendant. For the reasons that follow both motions will be denied.

With respect to the motion to suppress, the court specifically finds that defendant's waiver of his Miranda rights was both knowing and voluntary. Accordingly, statements made to the Erie Police Department were not in violation of his constitutional rights and will not be suppressed.

With respect to the motion to dismiss, the pertinent statutory provisions are contained in 42 PA.C.S. §5552 which provides as follows:

"(a) General Rule: Except as otherwise provided in this chapter, prosecution for an offense other than murder or voluntary manslaughter must be commenced within two years after it is committed.

(b) Exceptions — If the period prescribed in subsection (a) . . . has expired, prosecution may nevertheless be commenced for:

(1) Any offense, a material element of which is either fraud or a breach of fiduciary duty within one year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent an aggrieved party and who is himself not party to the offense, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years."

Defendant argues that when the Travelers Insurance Company was notified that there had been two claims on the same auto, they discovered or should have discovered the fraud. The court does not agree.

The discovery of two claims on the same auto is not necessarily determinative of a discovery date, with respect to fraud. Especially in light of defendant's claim that the vehicle had been restored from its burnt out condition, and then restolen. Furthermore, although it was the same vehicle upon which two claims were filed — it was a different owner with a completely different name. Thus, even though the insurance company was notified in November of 1980 that two claims had been filed on the same vehicle, there was nothing inherent which should have alerted them to the fact that the second claim was a fraudulent one.

The court specifically finds that the significant date is when the aggrieved party (Travelers Insurance Company) became alerted to the fact there was a second loss by the same person, the defendant, in June or July, 1982, and suspected fraud. When the aggrieved party became suspicious of the fact, they immediately turned it over to the NATB, which began its investigation. Thus, the court is convinced that this claim comes within the exception to this two-year statute of limitations, which is found in §5552(c)(1).

Accordingly, we enter the following

## ORDER

And now, this March 17, 1983, defendant's omnibus pretrial motions are denied.